HARRIS, Chief Judge.
The issue on appeal is whether sealed voting proxies sent to a time-share condominium association prior to the election of board members (but not to be opened until the election) become “official records” of the association upon their receipt and subject to examination by association members prior to the election. We hold that they do not become official records subject to opening and inspecting until after the election and reverse.
Islander Beach Club Condominium Association of Volusia County, Inc. (“Islander”) is a not-for-profit corporation charged with the operation of the Islander Beach Club condominium. Islander scheduled a meeting to be held December 5, 1992 to elect three directors to the board of administration of the condominium. Islander asserts in its brief that its Board of Directors adopted a procedure whereby all voting proxies received from time-share unit week owners are, upon receipt, retained in a secure area and left unopened until an independent CPA firm *629 opens the proxies shortly before the election in order to verify the proxies against Islander’s list of unit week owners.[1]
Appellee Richard P. Johnston is an individual owner of three condominium unit weeks at Islander Beach Club. Johnston was in the process of waging a proxy fight to obtain votes so that he could be elected to one of the board member positions. Toward that end, Johnston demanded to see the voting proxies as they were received by the association. Because it considered the proxies “non-public” until they were opened three days before the election, Islander refused Johnston’s request.
Johnston sued, requesting that the court issue an injunction prohibiting Islander from denying Johnston immediate access to the proxies. After an evidentiary hearing on the matter, the trial court issued the injunction which directed Islander to permit Johnston to open and inspect the voting proxies as they were received.
Section 718.111(12) provides in pertinent part:
(12) OFFICIAL RECORDS.—
(a) From the inception of the association, the association shall maintain each of the following items, when applicable, which shall constitute the official records of the association:
12. Ballots, sign-in sheets, voting proxies, and all other papers relating to elections, which shall be maintained for a period of 1 year from the date of the meeting to which the document relates. [Emphasis added]
[[Image here]]
(c) The official records of the association are open to inspection by any association member or the authorized representative of such member at all reasonable times.
The most logical interpretation of this provision is that voting proxies do not become “official records” subject to inspection by any association member until after the election for which they were given. The statute groups voting proxies together with ballots and sign-in sheets, neither of which even exist prior to an election. In addition, subsection (a)12 seems to focus on post election preservation of the records, as evidenced by the provision that these records must be maintained for a period of one year “from the date of’ the election. Further the proxies received do not become “voting proxies” until they have been verified as legitimate and submitted for counting. This does not mean that the existence of the sealed proxies may be kept secret or that the proxies in their sealed condition should not be available for inspection as they come in. Whatever information management has should be available to the membership.
The statutory provision pertaining to the use of proxies in condominium association elections further supports the conclusion that the contents of the proxy envelope do not become official records until after an election. Pursuant to Section 718.112(2)(b)3, Florida Statutes, any proxy given is effective “only for the specific meeting for which originally given.” This section also provides that all proxies are revocable at any time prior to their actual exercise at the election. Therefore, the sealed proxies in the instant ease technically had no legal effect until the votes were cast at the election. Because the proxies in question were exercisable only at the election which had not yet occurred and were revocable at any time, until the association officers had access to the contents of the proxy envelope, they were not “official records” of Islander.
REVERSED and REMANDED with instructions to dissolve the injunction.
W. SHARP, and PETERSON, JJ., concur.

. This procedure is not required by the Florida Condominium Statutes, the declaration of condominium or the association’s by-laws. While it is an efficient procedure to eliminate delay at a meeting to collect and account for proxies, it should not be the exclusive procedure by which a member may exercise a proxy. A member’s right to name a proxy to present the written authorization at a meeting prior to an election should not be eliminated by action of a board of directors.